UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTHONY ANTHA SMITH                                                             PLAINTIFF

v.                                            CIVIL ACTION NO. 3:11-CV-P545-H

JOHN ALLEN *et al.*                                                  DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Anthony Antha Smith, an inmate currently incarcerated at the Kentucky State Reformatory, filed this action against John Allen, Stella Allen, Yolanda Allen, Rev. Larry Coleman, Tim Hobbs, and Bobby Wadilngton. In his complaint, Plaintiff indicates that he is the owner of U.S. Patent 591-8323 for a hospital liquid sanitation cart. He states that on March 17, 2008, he mailed some "papers" related to the patent to Defendant Coleman. He alleges that "either John or Stella Allen picked up the paperwork from Rev. Coleman and see an attorney, but not to sign any paperwork." He indicates that the Allens were to call him, but did not do so. He was told by his uncle that the paperwork was not picked up, but Plaintiff believes that the Allens did pick it up. He states that "this is a heinous crime yea it is an iniquity to be punished by the judge." In an attachment to the complaint, Plaintiff states that his invention was "stolen" by the Allens and he needs "to get some money that was paid to John, Stella, and Yolanda."

Plaintiff's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e). This statute requires the Court to dismiss any claims that it determines are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from relief. *Id.* For the reasons set forth below, the Court will dismiss this action because it fails to state any claim on which relief may be granted.

**I.**

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show that a legal wrong has been committed for which the plaintiff may be granted relief.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 is fairly liberal in its requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). While Rule 8 does not require a plaintiff to include every minute detail that makes up his claim, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

"A plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1950 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The first step requires the Court to identify allegations that "because they are no more than [legal] conclusions, are not entitled to the assumption of truth." *Id.* The Court is then left with factual allegations. The Court must presume the factual allegations are true, but its inquiry does not end at this point. The Court

must go one step further and determine whether the facts state a claim that is plausible. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949.

"Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton*, 504 U.S. at 32 (internal citations omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

## II.

Despite a careful review of Plaintiff's complaint, the Court is unable to ascertain the causes of action Plaintiff is asserting against Defendants. It is unclear whether Plaintiff is attempting to assert criminal and/or civil claims against Defendants and whether any such claims

are based on state or federal law. Likewise, it is unclear what Plaintiff contends that the Defendants did in relation to his patent.

To the extent Plaintiff seeks to assert federal or state criminal charges against Defendants, he lacks standing to do so. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (district court properly dismissed claim filed pursuant to 18 U.S.C. §§ 241 and 242 because citizen has no private right of action under criminal statutes). Only public officials expressly granted the authority by law to file criminal charges may do so.

Plaintiff filed his complaint on a 42 U.S.C. § 1983 form. Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A plaintiff must allege both a violation of a federal right and that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Here, Plaintiff alleges neither element. While a private citizen may be liable under § 1983 if he conspired or acted jointly with a state actor to deprive a plaintiff of his or her constitutional rights, *Tower v. Glover*, 467 U.S. 914 (1984), no such allegation is present here. Plaintiff does not allege that Defendants acted at the direction of or in concert with any state officials. Thus, Defendants are not subject to suit under § 1983, and they must be dismissed from this action.

Plaintiff mentions the term "infringement" in his action. In order to have a tenable infringement claim, a plaintiff must allege that the defendant made, used or sold a product which

infringed plaintiff's patent.  *See* 35 U.S.C. § 271.  Plaintiff's complaint does not allege any conduct that meets the definition of infringement.[1]

Plaintiff's complaint also states that Defendants committed fraud.  Federal Rule of Civil Procedure 9 requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "The Sixth Circuit interprets Rule 9 as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'"  *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)).  Plaintiff does not provide any of the detail necessary to support a fraud claim against Defendants.   The Court will enter a separate Order dismissing Plaintiff's claims against Defendants for failure to state a claim.

Date:


cc:  Plaintiff, *pro se*
  4412.008

---

[1] Although not clear, Plaintiff's complaint could be read to suggest that he believes Defendants may have filed something with the Patent Office giving them rights to Plaintiff's patent.  The Court takes judicial notice that the United States Patent and Trademark Office lists an "Anthony Smith" as the sole inventor of the patent at issue.  None of the Defendants are listed as inventors or owners of the patent or appear to be associated with it in any other manner.  *See* http://patft.uspto.gov/.